IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONALD ANTHONY ROBINSON,
      Plaintiff,

vs.                            Case No.: 3:07cv5/MCR/EMT

DEPARTMENT OF CORRECTIONS, et al.,
      Defendants.
_____/

## <u>ORDER</u>

This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. §1983 (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 4).

From a review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to some of the named Defendants.  Therefore, the court will allow Plaintiff another opportunity to clarify his allegations in a second amended complaint.

Plaintiff names three Defendants in this action, the Florida Department of Corrections (DOC), M.L. Carnahan, and M. Blocker, both of whom are employees of Santa Rosa Correctional Institution (SRCI).  Plaintiff states that Defendants Carnahan and Blocker have been withholding authorized religious material from him, including newsletters, prayer books, and other material (Doc. 1 at 7).  Plaintiff alleges that Defendants are withholding the material in retaliation for Plaintiff's filing a lawsuit against the staff at SRCI (*id.*).  Plaintiff alleges that the DOC participated in the allegedly violative conduct by denying Plaintiff's grievances (*id.*).

Plaintiff claims that Defendants' conduct violated the First, Eighth, and Fourteenth Amendments (*id.* at 8).  As relief, he seeks compensatory damages in the amount of $3,000.00 for each day that he is deprived of religious material, as well as $25,000.00 for emotional injury and suffering that Defendants' conduct has caused (*id.*).

Plaintiff is advised that his claims against the DOC and Defendants Carnahan and Blocker in their official capacities for monetary damages are subject to dismissal. The Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities. Edelman v. Jordan, 415 U.S. 651, 662–63, 94 S. Ct. 1347, 1355–56, 39 L. Ed. 2d 662 (1974). Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits Plaintiff's suit for damages against the DOC and its employees in their official capacities in federal court. Kentucky v. Graham, 473 U.S. 159, 167 n. 14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); Gamble v. Florida Department of Heath and Rehabilitative Services, 779 F.2d 1509, 1511 (11th Cir. 1986). Therefore, Plaintiff should drop his claims for monetary damages against the DOC and the individual Defendants for actions in their official capacities.

Furthermore, Plaintiff is advised that subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citing Harris v. Garner, 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc)). In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury. Harris v. Garner, 190 F.3d 1279, 1286–87 (11th Cir. 1999), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*, 216 F.3d 970 (11th Cir. 2000)) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."); Osterback v. Ingram, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd*. 263 F.3d 169 (11th Cir. 2001) (Table), *cert. denied*, 122 S. Ct. 2362, 153 L. Ed. 2d 183 (2002) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury).

In the instant case, the only injury of which Plaintiff complains is mental in nature, and the only relief he seeks is monetary damages for that injury.  However, he does not allege physical injury arising from Defendants' actions.  Because the PLRA forbids the litigation of this lawsuit while Plaintiff is imprisoned, there is no valid legal basis for Plaintiff's claims for compensatory damages, thus, he should delete these claims from his amended complaint.

Additionally, Plaintiff has failed to state a basis for liability as to the DOC.  Plaintiff is advised that supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.  *See* Cottone v. Jenne, 362 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted).  Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation.  *Id.* (citation omitted).  This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'"  *Id.* (internal quotation marks and citations omitted); Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999).

Isolated incidents are generally insufficient to establish a supervisor's liability; indeed, the deprivations must be "'obvious, flagrant, rampant and of continued duration . . . .'"  Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1308 (11th Cir. 2006) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)).  Furthermore, filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied.  Wayne, 197 F.3d at 1106; Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).  Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights."  Tittle v. Jefferson County Com'n, 10 F.3d 1535, 1542 (11th Cir. 1994).  The failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur.  *See* Harris v. City of Marion, 79 F.3d 56, 58–59 (7th Cir. 1996).

Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary.  "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous."  Cottone, 362 F.3d at 1360 (internal quotation marks and citation omitted).  Therefore, unless Plaintiff alleges facts showing a sufficient causal connection between the conduct of supervisory officials with the DOC and the alleged constitutional violations, he should drop the DOC as a Defendant.

Plaintiff has also failed to state a constitutional claim of retaliation.  It is well established that the First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech.  Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (citations omitted); Adams v. James, 784 F.2d 1077, 1080 (11th Cir. 1986) (citation omitted); *see also* Mitchell v. Farcass, 112 F.2d 1483, 1490 (11th Cir. 1997); Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986).  "A prisoner can establish retaliation by demonstrating that the prison official's actions were the result of his having filed a grievance concerning the conditions of his imprisonment."  Farrow, 320 F.3d at 1248 (internal quotation and citation omitted).  However, broad, conclusory allegations of retaliation are insufficient to state a claim under section 1983.  Goldsmith v. Mayor and City Council of Baltimore, 987 F.2d 1064, 1071 (4th Cir. 1993); Flittie v. Solem, 827 F.2d 276, 281 (8th Cir. 1987); Gill v. Mooney, 824 F.2d 192, 194 (2d Cir. 1987).   The prisoner plaintiff must sufficiently allege facts establishing that the actions taken against him were in retaliation for filing lawsuits and accessing the courts.  Wright, 795 F.2d at 968.  He must allege facts showing that the allegedly retaliatory conduct would not have occurred but for the retaliatory motive.  Jackson v. Fair, 846 F.2d 811, 820 (1st Cir. 1988).  Plaintiff must allege a causal link between the protected activity and the adverse treatment, and there must be at least a "colorable suspicion" of retaliation for a complaint to survive and proceed into discovery.  Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983).  Such a causal connection may be alleged by a chronology of events that create a plausible inference of retaliation.  Cain v. Lane, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988).  Plaintiff must come forward with more than "general attacks" on Defendants' motivations and must produce "affirmative evidence" of retaliation.  Crawford-El v. Britton, 523 U.S. 574, 118 S. Ct. 1584, 1598, 140 L. Ed. 2d 750 (1998) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256–57, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986)).  "The relevant showing . . . must be more than the prisoner's 'personal belief that he is the victim of retaliation.'"  Johnson v. Rodriguez, 110 F.3d 299, 310 (5th

Cir. 1997) (quoting Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995)).  Appropriate deference should be afforded to prison officials "in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory."  Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995) (citing Sandin v. Conner, 515 U.S. 472, 481–82, 115 S. Ct. 2293, 2299, 132 L. Ed. 2d 418 (1995)).  And, because regulatory actions taken by prison officials are presumed to be reasonable, the inmate must produce "specific, nonconclusory factual allegations that establish improper motive causing cognizable injury. . . ." Crawford-El, 118 S. Ct. at 1596–97; Harris v. Ostrout, 65 F.3d 912, 916–17 (11th Cir. 1995); see also Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995) (because claims of retaliation may be easily fabricated, they should be reviewed with skepticism).

In the instant case, Plaintiff's allegations against Defendants Carnahan and Blocker are insufficient to state a constitutional claim.  Plaintiff's personal belief that these individuals are acting in retaliation for his filing grievances and a lawsuit against "staff" at SRCI, in the absence of any facts suggesting that the conduct of these individuals was causally connected to the grievances and lawsuit, is insufficient to maintain a retaliation claim.  Unless Plaintiff alleges sufficient facts that suggest a retaliatory motive or sufficiently culpable state of mind as to these Defendants, Plaintiff should drop his retaliation claim.

Finally, Plaintiff must clarify his First Amendment claim with regard to the withholding of his religious material.  "In the First Amendment context . . . a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system."  Pell v. Procunier, 417 U.S. 817, 822, 94 S. Ct. 2800, 2804, 41 L. Ed. 2d 495 (1974); Lawson v. Singletary, 85 F.3d 502, 509 (11th Cir. 1996).  A prisoner's right to exercise his religion is not absolute; it is only required that he be accorded a reasonable opportunity to pursue his religion.  Cruz v. Beto, 405 U.S. 319, 322, 92 S. Ct. 1079, 1081, 31 L. Ed. 2d 263 (1972) (per curiam).  Thus, while inmates maintain a constitutional right to freely exercise their sincerely held religious beliefs, this right is subject to prison authorities' interests in maintaining safety and order.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 345, 107 S. Ct. 2400, 2402, 96 L. Ed. 2d 282 (1987); Turner v. Safley, 482 U.S. 78, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987); Cruz v. Beto, supra.  The Supreme Court held in Turner that when a prison regulation or policy impinges upon an inmate's constitutional rights, the policy is valid if it is reasonably related to legitimate penological interests.  Turner, 482 U.S. at 89-91, 107 S. Ct. at 2261-63; Pope

v. Hightower, 101 F.3d 1382, 1384 (11th Cir. 1996).  Prison administrators should be given great deference in adopting and executing policies and practices.  Absent substantial evidence in the record indicating that officials exaggerated their response to considerations of order, discipline, and security, courts ordinarily should defer to their judgment.  *See* Bell v. Wolfish, 441 U.S. 520, 547, 99 S. Ct. 1861, 1877, 60 L. Ed. 2d 447 (1979); *see also* McCorkle v. Johnson, 881 F.2d 993 (11th Cir. 1989).

In the instant case, Plaintiff does not allege that the withholding of his religious materials interfered with his ability to practice his religion.  Therefore, his allegations are insufficient to state a constitutional claim.

If Plaintiff decides that he does not wish to proceed with this action, he should file a notice of voluntary dismissal, which will result in a recommendation that this case be dismissed without prejudice.  If Plaintiff chooses to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "**Amended Complaint**."  Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.  In the statement of facts, Plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint. Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded.  Local Rule 15.1, Northern District of Florida.

Accordingly, it is **ORDERED**:

1.      The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C.  § 1983.  This case number should be written on the form.

2.      Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and marked "**Amended Complaint**."  In the alternative, Plaintiff shall file a notice of voluntary dismissal within the same time period.

3.      Failure to comply with this order may result in dismissal of this action.

**DONE AND ORDERED** this 23<u>rd</u> day of February 2007.


                                             /s/ *Elizabeth M. Timothy*
                                             **ELIZABETH M. TIMOTHY**
                                             **UNITED STATES MAGISTRATE JUDGE**