IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONALD ANTHONY ROBINSON,
    Plaintiff,

vs.                                   Case No.: 3:07cv5/MCR/EMT

DEPARTMENT OF CORRECTIONS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a "Motion to Preliminary Injunctions of Defendants" (Doc. 5). He requests a preliminary injunction against Defendants, but he does not describe the specific nature of the injunction he seeks.

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)); Johnson v. Radford, 449 F.2d 115 (5th Cir. 1971). The district court must exercise its discretion in the light of whether:

    1.    There is a substantial likelihood that plaintiff will prevail on the merits;

    2.    There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;

    3.    The threatened injury to plaintiff outweighs the threatened harm injunction will do to the defendant; and

    4.    The granting of the preliminary injunction will not disturb the public interest.

CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Johnson v. United States Dep't of Agric.,

734 F.2d 774 (11th Cir. 1984); <u>Canal Auth. of State of Fla. v. Callaway</u>, 489 F.2d 567 (5th Cir. 1974). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." <u>All Care Nursing Serv. v. Bethesda Mem'l Hosp.</u>, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994); <u>All Care Nursing Serv.</u>, 887 F.2d at 1537; <u>United States v. State of Ala.</u>, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. <u>Devose</u>, 42 F.3d at 471; <u>Penn v. San Juan Hosp.</u>, 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See* <u>In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories</u>, 72 F.3d 842, 842–43 (11th Cir. 1995).

In the instant motion, Plaintiff states he is likely to show at trial that Defendants violated his rights, he is likely to suffer irreparable harm if he does not receive an injunction, the threat of harm he faces is greater than the harm to Defendants if he receives an injunction, and a preliminary injunction will serve the public interest because he will suffer no further harm (*see* Doc. 5). However, this is merely a restatement of the legal standard for granting an injunction. In the absence of any facts showing that each of the four prongs would be satisfied by the granting of an injunction, Plaintiff has failed to meet his burden of persuasion, and the court should not grant his request for extraordinary relief.

Furthermore, in a separate order issued by this court the same date as this Report and Recommendation, Plaintiff was directed to submit an amended complaint because he failed to state a basis for liability as to the named Defendants, and his allegations of constitutional violations were unclear. Because it has been determined that Plaintiff's complaint (Doc. 1) fails to state a claim as to the named Defendants, Plaintiff has correspondingly failed to meet the prerequisites for injunctive relief, namely, that there is a substantial likelihood he will prevail on the merits in this action. Therefore, the motion for a preliminary injunction should be denied.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's "Motion to Preliminary Injunctions of Defendants" (Doc. 5) be **DENIED**.

At Pensacola, Florida, this 23rd day of February 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**