IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONALD ANTHONY ROBINSON,
    Plaintiff,

vs.                                        Case No.: 3:07cv5/MCR/EMT

DEPARTMENT OF CORRECTIONS, et al.,
    Defendants.
_____/

## **ORDER**

        This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 11). Leave to proceed in forma pauperis has been granted (Doc. 4).

        From a review of the amended complaint, it is evident that the facts as presented still fail to support a viable claim for relief under section 1983 as to some of the named Defendants. Therefore, the court will allow Plaintiff another opportunity to clarify his allegations in a second amended complaint.

        Plaintiff names three Defendants in this action, M.L. Carnahan and M. Blocker, both of whom are employees of the mail room at Santa Rosa Correctional Institution (SRCI), and Chaplain Williams, the Chaplain at SRCI (Doc. 11 at 1, 2). Plaintiff states that Defendants Carnahan and Blocker have been retaliating against him for filing grievances concerning assaults by SRCI staff by withholding all of his religious material, including prayer books, books, and newsletters, as well as his legal mail (Doc. 11 at 7). Plaintiff states that when he filed a civil rights action in June of 2006, concerning the assaults by SRCI staff, he was receiving his religious and legal material, but now his materials are rejected, withheld, or missing (*id*.). Plaintiff alleges Chaplain Williams is participating in the alleged retaliation by denying any knowledge of the activities in the mail room and refusing Plaintiff's requests for assistance (*id*. at 7, 8).

Plaintiff claims that Defendants' conduct violates the First, Eighth, and Fourteenth Amendments (*id.* at 8). As relief, he seeks compensatory damages in the amount of $3,000.00 for each day that he suffers reprisal and $25,000.00 for the deprivation of his due process rights (*id.*).

As Plaintiff was previously advised, he may not recover monetary damages unless he shows that he suffered a physical injury as a result of Defendants' conduct. Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citing Harris v. Garner, 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc)). In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury. Harris v. Garner, 190 F.3d 1279, 1286–87 (11th Cir. 1999), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*, 216 F.3d 970 (11th Cir. 2000)) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."); Osterback v. Ingram, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd*. 263 F.3d 169 (11th Cir. 2001) (Table), *cert. denied*, 122 S. Ct. 2362, 153 L. Ed. 2d 183 (2002) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury).

In the instant case, the only injury of which Plaintiff complains is mental in nature, and the only relief he seeks is monetary damages for that injury. However, he does not allege physical injury arising from Defendants' actions. Because the PLRA forbids the litigation of this lawsuit while Plaintiff is imprisoned, there is no valid legal basis for Plaintiff's claims for compensatory damages, thus, he should delete his request for compensatory and punitive damages.

Additionally, Plaintiff has again failed to state a constitutional claim of retaliation. It is well established that a prisoner's constitutional rights are violated if adverse action is taken against him

in retaliation for his exercise of First Amendment rights.  *See* Adams v. James, 784 F.2d 1077, 1082 (11th Cir. 1986) (citing Bridges v. Russell, 757 F.2d 1155 (11th Cir. 1985)); *see also* Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986).  Even though prison officials do not have authority to prohibit the filing of inmate grievances or lawsuits, it does not follow that every time an inmate files a complaint, the act of doing so renders the exercise of prison authority suspect.  *See* Adams, 784 F.2d at 1082.  In fact, the court must give appropriate deference to prison officials "in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory."  Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995) (citing Sandin v. Conner, 515 U.S. 472, 482, 115 S. Ct. 2299, 2301, 132 L. Ed. 2d 418 (1995)).

Because regulatory actions taken by prison officials are presumed to be reasonable, the inmate must produce "specific, nonconclusory factual allegations that establish improper motive causing cognizable injury . . ."  Crawford-El v. Britton, 523 U.S. 574, 698, 118 S. Ct. 1584, 1596, 140 L. Ed. 2d 759 (1998) (citation omitted); Harris v. Ostrout, 65 F.3d 912, 916 (11th Cir. 1995); *see also* Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995) (because claims of retaliation may be easily fabricated, they should be reviewed with skepticism).  At a minimum, Plaintiff must allege a credible causal link between the protected activity and the adverse treatment.  Harris, 65 F.3d at 917.  Such a causal connection may be alleged by a chronology of events that create a plausible inference of retaliation.  Cain v. Lane, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988).

In the instant case, the fact that Plaintiff has filed administrative grievances and a lawsuit in June of 2006 regarding assaults by SRCI staff, without more, is insufficient to suggest a causal link between these protected activities and the fact that he has not been receiving religious materials and legal mail.  Absent a chronology of events that creates a plausible inference of retaliation or some indication that the grievances or lawsuit impacted upon Defendant Carnahan, Defendant Booker, or Chaplain Williams, Plaintiff cannot demonstrate that this protected activity engendered an adversarial motive.  *See* Hilliard v. Board of Pardons and Paroles, 759 F.2d 1190, 1193 (5th Cir. 1985) (*cited favorably by* Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990)).  Therefore, as Plaintiff was previously advised, unless he comes forward with facts sufficient to show a causal connection between his protected activities and Defendants' allegedly retaliatory action, his retaliation claim will be subject to dismissal.

Additionally, to the extent Plaintiff asserts that Defendants interfered with his First Amendment right to freely practice his religion, he has failed to sufficiently allege a constitutional violation. "In the First Amendment context . . . a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822, 94 S. Ct. 2800, 2804, 41 L. Ed. 2d 495 (1974); Lawson v. Singletary, 85 F.3d 502, 509 (11th Cir. 1996). A prisoner's right to exercise his religion is not absolute; it is only required that he be accorded a reasonable opportunity to pursue his religion. Cruz v. Beto, 405 U.S. 319, 322, 92 S. Ct. 1079, 1081, 31 L. Ed. 2d 263 (1972) (per curiam). Thus, while inmates maintain a constitutional right to freely exercise their sincerely held religious beliefs, this right is subject to prison authorities' interests in maintaining safety and order. O'Lone v. Estate of Shabazz, 482 U.S. 342, 345, 107 S. Ct. 2400, 2402, 96 L. Ed. 2d 282 (1987); Turner v. Safley, 482 U.S. 78, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987); Cruz v. Beto, *supra*. The Supreme Court held in Turner that when a prison regulation or policy impinges upon an inmate's constitutional rights, the policy is valid if it is reasonably related to legitimate penological interests. Turner, 482 U.S. at 89-91, 107 S. Ct. at 2261–63; Pope v. Hightower, 101 F.3d 1382, 1384 (11th Cir. 1996). Prison administrators should be given great deference in adopting and executing policies and practices. Absent substantial evidence in the record indicating that officials exaggerated their response to considerations of order, discipline, and security, courts ordinarily should defer to their judgment. *See* Bell v. Wolfish, 441 U.S. 520, 547, 99 S. Ct. 1861, 1877, 60 L. Ed. 2d 447 (1979); *see also* McCorkle v. Johnson, 881 F.2d 993 (11th Cir. 1989).

In the instant case, Plaintiff does not allege that the withholding of his religious materials interfered with his ability to practice his religion. Therefore, his allegations are insufficient to state a constitutional claim of interference with his right to freely practice his religion.

If Plaintiff decides that he does not wish to proceed with this action, he should file a notice of voluntary dismissal, which will result in a recommendation that this case be dismissed without prejudice. If Plaintiff chooses to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "**Second Amended Complaint**." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their

names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint. <u>Plaintiff is advised that he should not file exhibits as evidentiary support for his complaint</u>. The court will notify Plaintiff when legal memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Accordingly, it is **ORDERED**:

1.   The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983. This case number should be written on the form. Additionally, the clerk shall return Plaintiff's exhibits.

2.   Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and marked "**Second Amended Complaint**." In the alternative, Plaintiff shall file a notice of voluntary dismissal within the same time period.

3.   Failure to comply with this order may result in dismissal of this action.

**DONE AND ORDERED** this 26th day of April 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**