IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONALD ANTHONY ROBINSON,
    Plaintiff,

vs.                                Case No.: 3:07cv5/MCR/EMT

DEPARTMENT OF CORRECTIONS, et al.,
    Defendants.
_____/

### ORDER and AMENDED REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se and in forma pauperis, initiated this action by filing a complaint under 42 U.S.C. § 1983 (Doc. 1). Upon review of the complaint, the court determined that the facts as presented failed to support a plausible claim for relief under § 1983 as to one or more Defendants; therefore, the court directed Plaintiff to file an amended complaint (*see* Doc. 6). Plaintiff did so (*see* Doc. 11). Upon review, the court determined that the amended complaint again failed to state a plausible claim for relief; therefore, the court provided Plaintiff another opportunity to correct the insufficiency in a second amended complaint (*see* Doc. 12). Plaintiff filed a second amended complaint (Doc. 13). Upon review, the court determined that the second amended complaint still failed to state a plausible claim for relief; therefore, the undersigned issued a Report and Recommendation recommending dismissal of this action for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (Doc. 14). Plaintiff has not filed objections to the Report and Recommendation, but he has now filed a Third Amended Complaint (Doc. 23).

    Initially, the court notes that Plaintiff did not seek permission from the court to file the Third Amended Complaint. Rule 15 of the Federal Rules of Civil Procedure provides, in relevant part:

> **(a) Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party

>may amend the party's pleading only by leave of court . . .; and leave shall be freely given when justice so requires.

Fed. R. Civ. Pro. 15(a). As previously noted, the instant amended pleading is not Plaintiff's first amended complaint, it is his third; therefore, he was required to request and obtain permission from the court prior to filing it. Furthermore, even if Plaintiff had properly filed a motion for leave to file the Third Amended Complaint, the court would have had grounds to deny the motion as futile because, as discussed below, the facts alleged in the Third Amended Complaint still do not state a plausible claim for relief. However, because the Third Amended Complaint adds two new Defendants, the undersigned reviewed the Third Amended Complaint and submits this Report and Recommendation, which reaches the same conclusion as the previous Report and Recommendation.

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face. *See* Bell Atl. Corp. v. Twombly, No. 05-1126, 2007 WL 1461066, at *10–*11, *14 (May 21, 2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).

Plaintiff names five Defendants in this action, M.L. Carnahan and M. Blocker, both of whom are employees of the mail room at Santa Rosa Correctional Institution (SRCI); J. Steadha, the

Case No: 3:07cv5/MCR/EMT

programs coordinator at SRCI; Chaplain Williams, the Chaplain at SRCI; and the Florida Department of Corrections (Doc. 23 at 1, 2). Plaintiff states that beginning in October of 2005, he began filing grievances concerning threats of harm by Officer Davis, a staff member at SRCI (*id*. at 5). Plaintiff states he filed a grievance concerning the threats, and the threats continued for four or five months until Officer Davis sexually assaulted him on January 12, 2006 (*id*. at 5, 7). Plaintiff states he filed more grievances, but they were denied, and he filed a complaint in state court but was denied relief (*id*.). Plaintiff states he attempted to file a federal civil rights complaint concerning the threats and assault, but his complaint "didn't make it out of here" (*id*.). He states that he complained to Defendant Blocker, presumably about the fact that his complaint did not leave the institution, but she denied his grievance (*id*.). He states that when another inmate left SRCI, Plaintiff sent a federal civil rights complaint with him concerning Officer Davis' threats to his safety, and the complaint was received by the court (*id*.).[1] Plaintiff alleges all of his religious newletters, books, prayer books, religious study material, and legal mail was accepted as such prior to filing the complaint, but afterward, Defendants Carnahan and Blocker began rejecting all of his mail, and Defendant Steadha stopped all of Plaintiff's "mail programs," including a correspondence course that had been previously approved (*id*. at 5–8). Plaintiff alleges he complained to Chaplain Williams about the rejection of his religious material, but Chaplain Williams failed to assist him (*id*. at 5).

Plaintiff claims that Defendants are rejecting his mail in retaliation for his filing grievances and a lawsuit, in violation of the First, Eighth and Fourteenth Amendments (Doc. 23 at 5–8). He also appears to claim that Defendants denied him access to the courts and interfered with the free exercise of his religion (*id*.). Plaintiff states Defendants' conduct has caused him mental suffering (*id*. at 6). As relief, he seeks compensatory damages in the amount of $3,000.00 for each day that he suffers reprisal and $25,000.00 from each Defendant for the deprivation of his constitutional rights (*id.* at 6, 8).

Plaintiff has failed to state a constitutional claim of retaliation. It is well established that the First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech. Crawford-El v Britton, 523 U.S. 574, 588 n.10, 592, 118 S. Ct. 1584, 140 L. Ed. 2d

---

[1] Plaintiff's complaint concerning the threats and sexual assault are the subject of Robinson v. Davis, Case No. 3:06cv403/RV/EMT. None of the defendants named in the instant action are named as defendants in Case No. 3:06cv403.

Case No: 3:07cv5/MCR/EMT

759 (1998); Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (citations omitted); Adams v. James, 784 F.2d 1077, 1080 (11th Cir. 1986) (citation omitted); *see also* Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). "A prisoner can establish retaliation by demonstrating that the prison official's actions were the result of his having filed a grievance concerning the conditions of his imprisonment." Farrow, 320 F.3d at 1248 (internal quotation and citation omitted). However, broad, conclusory allegations of retaliation are insufficient to state a claim under section 1983. Goldsmith v. Mayor and City Council of Baltimore, 987 F.2d 1064, 1071 (4th Cir. 1993); Flittie v. Solem, 827 F.2d 276, 281 (8th Cir. 1987); Gill v. Mooney, 824 F.2d 192, 194 (2d Cir. 1987). The prisoner plaintiff must sufficiently allege facts establishing that the actions taken against him were in retaliation for filing lawsuits and accessing the courts. Wright, 795 F.2d at 968. He must allege facts showing that the allegedly retaliatory conduct would not have occurred but for the retaliatory motive. Jackson v. Fair, 846 F.2d 811, 820 (1st Cir. 1988). Plaintiff must allege a causal link between the protected activity and the adverse treatment, and there must be at least a "colorable suspicion" of retaliation for a complaint to survive and proceed into discovery. Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983). Such a causal connection may be alleged by a chronology of events that create a plausible inference of retaliation. Cain v. Lane, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988). Plaintiff must come forward with more than "general attacks" on Defendants' motivations and must produce "affirmative evidence from which a jury could find that the plaintiff has carried his or her burden of proving the pertinent motive." Crawford-El, 523 U.S. at 600 (citing Liberty Lobby, Inc., 477 U.S. at 256–57). "The relevant showing . . . must be more than the prisoner's 'personal belief that he is the victim of retaliation.'" Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997) (quoting Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995)). Appropriate deference should be afforded to prison officials "in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995) (citing Sandin v. Conner, 115 S. Ct. 2293, 2299 (1995)). And, because regulatory actions taken by prison officials are presumed to be reasonable, the inmate must produce "specific, nonconclusory factual allegations that establish improper motive causing cognizable injury." Crawford-El, 523 U.S. at 598 (citation omitted); Harris v. Ostrout, 65 F.3d 912, 916–17 (11th Cir. 1995); *see also* Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995) (because claims of retaliation may be easily fabricated, they should be reviewed with skepticism).

Case No: 3:07cv5/MCR/EMT

In the instant case, Plaintiff has come forward with nothing more than a general attack on Defendants' motivations for rejecting his mail; indeed, he asserts nothing more than his personal belief that he is the victim of retaliation. The fact that Plaintiff filed grievances and a complaint regarding Officer Davis, that his federal civil rights complaint did not leave SRCI, that he complained about that fact to Defendant Blocker, and that his mail was subsequently rejected by Defendants are insufficient to create a plausible inference that Defendants are retaliating against him for filing grievances and a lawsuit. These facts simply do not suggest that Plaintiff's filing grievances and lawsuits engendered an adversarial motive on the part of the mail room Defendants, Blocker and Carnahan, Programs Coordinator Steadha, or Chaplain Williams. *See* Hilliard v. Board of Pardons and Paroles, 759 F.2d 1190, 1193 (5th Cir. 1985) (*cited favorably by* Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990)). Plaintiff was previously advised that unless he alleged facts sufficient to show a causal connection between his protected activities and Defendants' allegedly retaliatory action, his retaliation claim would be subject to dismissal (*see* Docs. 12). Plaintiff has failed to come forward with such facts; therefore, his retaliation claim should be dismissed.

Additionally, to the extent Plaintiff asserts that Defendants interfered with his First Amendment right to freely practice his religion, his allegations fail to state a constitutional violation. "In the First Amendment context . . . a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822, 94 S. Ct. 2800, 2804, 41 L. Ed. 2d 495 (1974); Lawson v. Singletary, 85 F.3d 502, 509 (11th Cir. 1996). A prisoner's right to exercise his religion is not absolute; it is only required that he be accorded a reasonable opportunity to pursue his religion. Cruz v. Beto, 405 U.S. 319, 322, 92 S. Ct. 1079, 1081, 31 L. Ed. 2d 263 (1972) (per curiam). Thus, while inmates maintain a constitutional right to freely exercise their sincerely held religious beliefs, this right is subject to prison authorities' interests in maintaining safety and order. O'Lone v. Estate of Shabazz, 482 U.S. 342, 345, 107 S. Ct. 2400, 2402, 96 L. Ed. 2d 282 (1987); Turner v. Safley, 482 U.S. 78, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987); Cruz v. Beto, *supra*. The Supreme Court held in Turner that when a prison regulation or policy impinges upon an inmate's constitutional rights, the policy is valid if it is reasonably related to legitimate penological interests. Turner, 482 U.S. at 89-91, 107 S. Ct. at 2261-63; Pope v. Hightower, 101 F.3d 1382, 1384 (11th

Cir. 1996). Prison administrators should be given great deference in adopting and executing policies and practices. Absent substantial evidence in the record indicating that officials exaggerated their response to considerations of order, discipline, and security, courts ordinarily should defer to their judgment. *See* Bell v. Wolfish, 441 U.S. 520, 547, 99 S. Ct. 1861, 1877, 60 L. Ed. 2d 447 (1979); *see also* McCorkle v. Johnson, 881 F.2d 993 (11th Cir. 1989).

In the instant case, Plaintiff was previously advised of the legal standard for stating a free exercise claim and that his claim was insufficient because his allegations did not suggest that the withholding of the religious materials interfered with his ability to practice his sincerely held religious beliefs (*see* Doc. 12); however, Plaintiff has still failed to allege that the withholding of his religious newsletters, books, prayer books, and study material denied him a reasonable opportunity to pursue his religion of choice. In fact, Plaintiff does not allege that he is a practicing adherent of any religion. Therefore, to the extent Plaintiff claims a violation of his First Amendment right to freely exercise his religion, his claim should be dismissed.

Plaintiff has likewise failed to state a claim of denial of access to courts, to the extent he asserts one. It is settled law that interference with an inmate's access to the courts is a violation of a First Amendment right actionable under section 1983. Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); Bounds v. Smith, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977); Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991). However, as established in Lewis, to successfully allege a constitutional violation based upon a denial of access to courts, Plaintiff must specifically show how he was actually harmed or prejudiced with respect to the litigation in which he was involved. Lewis, 518 U.S. at 350–51. The type of prejudice that is deficient in the constitutional sense is that which hinders the inmate's ability to actually proceed with his claim; there is no constitutional mandate "to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court." *Id.* at 353. Importantly, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354. Plaintiff must show that he was prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action seeking "to vindicate 'basic constitutional rights.'" *Id.* at 354–55 (quoting Wolff v. McDonnell, 418 U.S. 539, 579, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)). Furthermore, he must allege actual injury "such as a denial or dismissal" and show that presentation of his case was impeded because of Defendants' actions. Wilson v. Blankenship, 163 F.3d 1284, 1290–91 (11th Cir. 1998) (citing Lewis); *see also* Bass v. Singletary, 143 F.3d 1442, 1445–46 (11th Cir. 1998). So long as Plaintiff

was able to litigate his claim, he cannot demonstrate that he was unconstitutionally denied access to the courts.  <u>Wilson</u>, 163 F.3d at 1291.  Moreover, Plaintiff cannot show an injury unless he shows that the case he was unable to pursue had arguable merit.  <u>Lewis</u>, 581 U.S. at 353 n.3; <u>Wilson</u>,163 F.3d at 1291.

In the instant case, Plaintiff states he was delayed in the filing of his federal complaint against Officer Davis; however, he concedes he was able to file the complaint and does not allege that he suffered actual injury from the alleged delay.  Indeed, the court notes that the docket for Case No. 3:06cv403/RV/EMT shows that the case is still pending, and Plaintiff is actively litigating it.  Furthermore, Plaintiff does not allege he was impeded in any way in the presentation of the instant case.  Therefore, Plaintiff has failed to state a claim of denial of access to the courts.

Finally, Plaintiff is not entitled to the relief he seeks.  As Plaintiff was previously advised, he may not recover monetary damages for mental injury unless he shows that he suffered a physical injury as a result of Defendants' conduct.  Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims.  <u>Napier v. Preslicka</u>, 314 F.3d 528, 532 (11th Cir. 2000) (citing <u>Harris v. Garner</u>, 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc)).  In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury.  <u>Harris v. Garner</u>, 190 F.3d 1279, 1286–87 (11th Cir. 1999), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*, 216 F.3d 970 (11th Cir. 2000)) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in <u>Hudson</u> [<u>v. McMillian</u>, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."); <u>Osterback v. Ingram</u>, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd*. 263 F.3d 169 (11th Cir. 2001) (Table), *cert. denied*, 122 S. Ct. 2362, 153 L. Ed. 2d 183 (2002) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury).

In the instant case, the only injury of which Plaintiff complains is mental in nature, and the only relief he seeks is monetary damages for that injury.  However, he does not allege physical injury arising from Defendants' actions.  Because the PLRA forbids the litigation of this lawsuit while Plaintiff is imprisoned, there is no valid legal basis for the relief Plaintiff seeks.

Accordingly, it is **ORDERED**:

The original Report and Recommendation (Doc. 14) is **VACATED**, and this Order and Amended Report and Recommendation replaces the former in full.

And it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida this <u>13th</u> day of July 2007.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**